**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOHN BARCENAS, *et al.*,<br>Individually and as representatives of a<br>class of similarly situated persons, | Case No.: 1:22-CV-00366 |
| Plaintiffs,<br>v. | Judge Gary S. Feinerman |
| RUSH UNIVERSITY MEDICAL CENTER,<br>*et al.*, | |
| Defendants. | July 29, 2022 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED**
**MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

## TABLE OF CONTENTS

Table of Authorities ................................................................................................................

INTRODUCTION .............................................................................................................. 1

BACKGROUND ................................................................................................................. 2

STANDARD OF REVIEW ................................................................................................. 4

ARGUMENT ...................................................................................................................... 5

I.      CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE ...................... 5

        A.      The Settlement Class Satisfies Rule 23(a) ............................................................ 5

                i.      Numerosity .................................................................................................. 5

                ii.     Commonality ............................................................................................... 6

                iii.    Typicality .................................................................................................... 8

                iv.     Adequacy .................................................................................................... 8

        B.      The Settlement Class Satisfies Rule 23(b)(1) .................................................... 10

        C.      Miller Shah and Capozzi Adler Should be Appointed as Class Counsel. ............ 10

II.     THE SETTLEMENT, NOTICE PLAN, AND PLAN OF ALLOCATION WARRANT
        PRELIMINARY APPROVAL ......................................................................................... 11

        A.      The Settlement Should be Preliminarily Approved ............................................. 12

        B.      The Notice Plan Should be Preliminarily Approved ........................................... 14

        C.      The Plan of Allocation Should be Preliminarily Approved ................................. 15

CONCLUSION ................................................................................................................. 15

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Isaac*,
99 F.R.D. 45 (N.D. Ill. 1983) ................................................................. 6

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997) ...................................................................... 4, 5

*Armstrong v. Bd. Of Sch. Dirs. Of Milwaukee*,
616 F.2d 305 (7th Cir. 1980) ................................................. 5, 11, 12, 14

*Arnold Chapman & Paldo Sign & Display Co. v. Wagener Equities, Inc.*,
747 F.3d 489 (7th Cir. 2014) ................................................................. 5

*Chandler v. S.W. Jeep-Eagle, Inc.*,
162 F.R.D. 302 (N.D. Ill. 1995) .............................................................. 6

*Cunningham v. Cornell Univ.*,
2019 WL 275827 (S.D.N.Y. Jan. 22, 2019) ................................................. 7

*Donovan v. Estate of Fitzsimmons*,
778 F.2d 298 (7th Cir. 1985) ............................................................... 12

*Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.*,
657 F.2d 890 (7th Cir. 1981) ................................................................. 6

*Eisen v. Carlisle & Jacquelin*,
417 U.S. 156 (1974) ......................................................................... 14

*George v. Kraft Foods Glob., Inc.*,
251 F.R.D. 338 (N.D. Ill. 2008) ..................................................... 5, 7, 8, 9

*Gomez v. St. Vincent Health, Inc.*,
649 F.3d 583, 592 (7th Cir. 2011 .......................................................... 9

*In re AT&T Mobility Wireless Data Servs. Sales Litig*,
270 F.R.D. 330 (N.D. Ill. 2010) ..................................................... *passim*

*In re General Motors Corp. Engine Interchange Litig.*,
594 F.2d 1106 (7th Cir. 1979) ............................................................. 12

*In re Nat'l Collegiate Athletic Ass'n Student-Athlete Concussion Inj. Litig.*,
332 F.R.D. 202 (N.D. Ill. 2019) ........................................................... 13

*In re TikTok, Inc. Consumer Priv. Litig.*,
  565 F. Supp. 3d 1076 (N.D. Ill. 2021) ................................................................ 4, 5, 9, 13, 15

*Isby v. Bayh*,
  75 F.3d 1191 (7th Cir. 1996) ................................................................................................ 11

*Kaufman v. Am. Express Travel Related Servs. Co.*,
  264 F.R.D. 438 (N.D. Ill. 2009) ............................................................................................ 6

*Loomis v. Exelon Corp.*,
  2007 WL 2060799 (N.D. Ill. June 26, 2007) ........................................................................ 8

*Lucas v. Vee Pak, Inc.*,
  2017 WL 6733688 (N.D. Ill. Dec. 20, 2017) ............................................................... 11-12, 13

*Mass Mut. Life Ins. Co. v. Russell*,
  473 U.S. 134, 142 n.9 (1985) ............................................................................................... 9

*Moreno v. Deutsche Bank Americas Holding Corp.*,
  2017 WL 3868803 (S.D.N.Y. Sept. 5, 2017) ....................................................................... 7

*Mullane v. Central Hanover Bank and Trust Co.*,
  339 U.S. 306 (1950) .......................................................................................................... 14

*Mulvania v. Sheriff of Rock Island Cnty.*,
  850 F.3d 849 (7th Cir. 2017) ............................................................................................... 6

*Neil v. Zell*,
  275 F.R.D. 256 (N.D. Ill. 2011) ............................................................................. 6, 7, 10, 11

*Oshana v. Coca-Cola Co.*,
  472 F.3d 506 (7th Cir. 2006) ............................................................................................... 8

*Parker v. Risk Mgmt. Alternatives, Inc.*,
  206 F.R.D. 211 (N.D. Ill. 2002) ........................................................................................... 8

*Reynolds v. Beneficial Nat. Bank*,
  288 F.3d 277 (7th Cir. 2002) ............................................................................................. 11

*Riordan v. Smith Barney*,
  113 F.R.D. 60 (N.D. Ill. 1986) ............................................................................................. 6

*Rogers v. Baxter Int'l Inc.*,
  2006 WL 794734 (N.D. Ill. Mar. 22, 2006) ........................................................................ 10

*Rush v. GreatBanc Tr. Co.*,
  2021 WL 2453070 (N.D. Ill. June 16, 2021) .................................................................. 10, 11

*Wachala v. Astellas US LLC*,
2022 WL 408108 (N.D. Ill. Feb. 10, 2022) ............................................................ 7

*Wahl v. Midland Credit Mgmt., Inc.*,
243 F.R.D. 291 (N.D. Ill. 2007) ............................................................................ 9

*Walker v. Nat'l Collegiate Athletic Ass'n*,
2019 WL 8058082 (7th Cir. Oct. 25, 2019) ........................................................ 13

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 359 (2011) (Added full cite to brief) ...................................................... 7

*Wong v. Accretive Health, Inc.*,
773 F.3d 859 (7th Cir. 2014) ................................................................................. 4

## Rules

Fed. R. Civ. P. 23 ................................................................................................ 4, 5, 10

Fed. R. Civ. P. 23(a) ......................................................................................... 4, 5, 6, 10

Fed. R. Civ. P. 23(a)(1) ............................................................................................... 5

Fed. R. Civ. P. 23(a)(2) ............................................................................................... 6

Fed. R. Civ. P. 23(a)(3) ............................................................................................... 8

Fed. R. Civ. P. 23(a)(4) ............................................................................................... 8

Fed. R. Civ. P. 23(b) ............................................................................................... 4, 10

Fed. R. Civ. P. 23(b)(1) ........................................................................................... 5, 10

Fed. R. Civ. P. 23(b)(1)(B) ...................................................................................... 5, 10

Fed. R. Civ. P. 23(c)(2) ............................................................................................. 14

Fed. R. Civ. P. 23(e) ................................................................................................. 14

Fed. R. Civ. P. 23(e)(2) ............................................................................................... 4

Fed. R. Civ. P. 23(g)(1)(A) .................................................................................... 10, 11

Plaintiffs,[1] on behalf of the proposed Settlement Class and the Rush University Medical Center 403(b) Retirement Savings Plan (the "Plan"), respectfully submit this Memorandum of Law in Support of their Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"), requesting the Court issue an Order that: (1) preliminarily approves the Settlement Agreement dated July 29, 2022 with Defendants;[2] (2) preliminarily certifies the proposed Settlement Class; (3) preliminarily approves the proposed notice plan (the "Notice Plan") in the Settlement Agreement and proposed Preliminary Approval Order; and (4) sets a final approval hearing on a date convenient for the Court at least one hundred forty (140) calendar days after the entry of the proposed Preliminary Approval order.

## **INTRODUCTION**

The Parties have agreed to a proposed settlement (the "Settlement") of this ERISA action for total relief of $2,950,000.00, as well as certain non-monetary terms, which will provide a substantial recovery to Class Members. In light of the substantial relief the Settlement provides and the risks of continued litigation, Plaintiffs and Class Counsel submit that the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class.

Plaintiffs and Class Counsel vigorously pursued relief on behalf of the Plan, and Defense Counsel vigorously defended against the allegations in the Complaint. The Parties agreed to the Settlement after meaningful motion practice, discovery, and arm's-length negotiations by experienced counsel, including a private mediation with an experienced neutral mediator.

---

[1] Plaintiffs are John Barcenas, Mary Brown, Patrick Russo, and Teneka Ware (collectively, "Plaintiffs"). Defendants are Rush University Medical Center, the Board of Trustees of Rush University Medical Center, the Rush University Medical Center Investment Committee, the Rush University Medical Center Administrative Committee, and Does No. 1-30 (collectively, "Defendants," and with Plaintiffs, the "Parties").

[2] The Settlement Agreement and exhibits are attached to the Declaration of Alec J. Berin ("Berin Declaration"). Terms not defined herein have the same meaning as in the Settlement Agreement.

Resolving the Class Action at this juncture allows the Parties to avoid continued and costly litigation, which could result in a recovery less than that provided by the Settlement, or none at all. As set forth below, all prerequisites for preliminary approval of the Settlement and certification of the Settlement Class are satisfied. As such, Plaintiffs' Motion should be granted, and notice should be provided to the Settlement Class in accordance with the Notice Plan.

## BACKGROUND

Plaintiffs allege that Defendants are fiduciaries of the Plan and breached duties they owed to the Plan and its participants and beneficiaries by: (1) causing the Plan to pay unreasonable recordkeeping and administrative fees; (2) maintaining imprudent investment options in the Plan; and (3) causing the Plan to pay unreasonable investment management fees. *See* Class Action Complaint ("Complaint"), ECF No. 1, ¶¶ 50–82. Plaintiffs filed the Complaint on January 21, 2022, and Defendants moved to dismiss on March 25. (ECF No. 31). While Defendants' motion to dismiss was pending, the parties engaged in initial discovery efforts, including the production and review of documents related to Plan administration and Defendants' alleged conduct. *See* Berin Decl. ¶ 6. The Parties subsequently agreed to attempt to resolve the Class Action through private mediation, and Defendants moved to stay proceedings pending mediation on April 28. (ECF No. 49). On May 2, 2022, the Court stayed the Class Action through July 29, 2022. (ECF No. 50).

The Parties held a mediation session with Mark E. Segall, Esquire of JAMS, a well-respected, neutral mediator with experience mediating claims of the kind at issue in the Class Action. The Parties exchanged briefs and follow-up information concerning the merits of Plaintiffs' claims, Defendants' defenses, and potential damages prior to and during the mediation, and reached an agreement in principle to resolve the Class Action on June 21, 2022.

The Parties then worked diligently to document the same in the Settlement Agreement.

The Settlement provides that, in exchange for dismissal of the Class Action and a release of claims, Defendants will pay $2,950,000.00 into a Qualified Settlement Fund, to be allocated to Current Participants, Former Participants, Beneficiaries, and Alternate Payees of the Plan pursuant to the Plan of Allocation. *See* Settlement Agreement, §§ 1.37, 4.5–4.6, 5.2–5.4; Berin Decl., Ex. B. The Settlement Agreement and the proposed Preliminary Approval Order set forth the Notice Plan and describe Plaintiffs' anticipated requests for payment of Attorneys' Fees and Costs to Class Counsel and for Case Contribution Awards, all of which are subject to the Court's approval. *See* Settlement Agreement, §§ 1.4, 1.9, 2.2.7, 6.1; Berin Decl., Ex. A. In addition, the Settlement Agreement provides for the approval of the Settlement by an Independent Fiduciary. *See* Settlement Agreement, §§ 1.28, 2.1.

The Parties respectfully request that the Court schedule a Fairness Hearing, at or after which the Court will be asked to determine whether the Settlement is fair, reasonable, and adequate, and merits final approval. Plaintiffs propose the following schedule associated with the Notice Plan and Fairness Hearing:

| Event | Reference to Preliminary Approval Order | Proposed Deadline |
|---|---|---|
| Preliminary approval hearing | | If the Court deems necessary, on a date convenient for the Court within 45 days of the Preliminary Approval filing |
| Settlement Administrator to set up settlement website and toll-free number | ¶ 8 | Within 30 days of entry of Preliminary Approval Order |
| Send Settlement Notice and Former Participant Claim Form to Class Members | ¶ 8 | Within 30 days of entry of Preliminary Approval Order |
| Final Approval papers and fee request | ¶¶ 9, 10 | 45 days before Fairness Hearing |

| Independent Fiduciary report | Settlement Agreement ¶ 2.1.2 | Not later than 30 days before the Fairness Hearing |
|---|---|---|
| Deadline for filing of objections | ¶ 11 | Not later than 30 days before the Fairness Hearing |
| Deadline for Parties to respond to objections or file any additional papers in support of Settlement | ¶ 11 | Not later than 7 days before Fairness Hearing |
| Fairness Hearing | ¶ 6 | On a date convenient for the Court no sooner than 140 days after entry of the Preliminary Approval Order |

## STANDARD OF REVIEW

When the Court is presented with a proposed settlement, it must determine whether the proposed settlement class satisfies the Federal Rule of Civil Procedure 23 requirements for class certification. Rule 23 certification has two primary components: a proposed class must meet the four requirements of Rule 23(a) and the requirements of at least one subsection of Rule 23(b). *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613–14 (1997); Fed. R. Civ. P. 23.

Preliminary approval of a proposed settlement is based upon this Circuit's "longstanding guidance" enumerating factors for the Rule 23(e)(2) fairness inquiry: "(1) the strength of the case for plaintiffs on the merits, balanced against the extent of settlement offer; (2) the complexity, length, and expense of further litigation; (3) the amount of opposition to the settlement; (4) the reaction of members of the class to the settlement; (5) the opinion of competent counsel; and (6) stage of the proceedings and the amount of discovery completed." *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014) (internal quotations omitted). When evaluating these factors, "courts do not focus on individual components of the settlements, but rather view them in their entirety." *In re TikTok, Inc. Consumer Priv. Litig.*, 565 F. Supp. 3d 1076, 1084 (N.D. Ill. 2021). Furthermore, at the preliminary approval stage, "the purpose of the inquiry is only to 'ascertain whether there is any reason to notify the class members of the proposed settlement and

to proceed with a fairness hearing.'" *Id.* at 1083.  Accordingly, the Court may "perform a more summary version of the final fairness inquiry." *Id.*  Indeed, the Court need only "determine whether the proposed settlement is within the range of possible approval." *Armstrong v. Bd. Of Sch. Dirs. Of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980).

## ARGUMENT

## I.  CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE

This District has recognized that ERISA § 502(a)(2) claims "can only be brought as representative actions" and thus fall within "the traditional varieties of representative suit encompassed by Rule 23(b)(1)(B)." *George v. Kraft Foods Glob., Inc.*, 251 F.R.D. 338, 352 (N.D. Ill. 2008) ("existing law in this district find[s] class certification appropriate under Rule 23(b)(1) for ERISA claims."); *Neil v. Zell*, 275 F.R.D. 256, 267 (N.D. Ill. 2011) ("Courts have held that, in light of the derivative nature of [ERISA § 502(a)(2)] claims, breach of fiduciary duty claims brought under this statutory provision are paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class.") (quotation marks and citations omitted).

### A.  The Settlement Class Satisfies Rule 23(a)

The requirements of Rule 23(a) are commonly referred to as numerosity, commonality, typicality, and adequacy of representation.  *See Amchem*, 521 U.S. at 613.  Plaintiffs and the proposed Class satisfy each of the Rule 23(a) prerequisites.

#### i.  Numerosity

The numerosity requirement of Rule 23 requires that a putative class must be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  As long as it is "reasonable to believe [the class is] large enough to make joinder impracticable," a class action may be justified.  *Arnold Chapman & Paldo Sign & Display Co. v. Wagener Equities, Inc.*, 747 F.3d 489, 492 (7th Cir. 2014).  In conducting the impracticability inquiry, the court must

consider the difficulty of joining the parties and ask whether "each member [could] actively and meaningfully participate in the ensuing litigation." *Allen v. Isaac*, 99 F.R.D. 45, 48 (N.D. Ill. 1983). In other words, numerosity is met "if a class approach would be useful to avoid the practical problems of trying to join many named plaintiffs or otherwise clog the docket with numerous individual suits." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 895 (7th Cir. 1981). While there is no "magic number" for the numerosity and impracticality inquiry, "a forty-member class is often regarded as sufficient to meet the numerosity requirement." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 859–60 (7th Cir. 2017). As the Settlement Class here is geographically dispersed and far more numerous than other certified classes in this Circuit, the proposed Class easily meets Rule 23(a)'s numerosity requirement. *See, e.g.*, *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (certifying class of 29 and collecting cases finding numerosity satisfied with fewer members).

### ii.      Commonality

The commonality prerequisite requires "questions of law or fact common to the class," Fed. R. Civ. P. 23(a)(2), and a "common nucleus of operative fact is usually enough to satisfy this requirement." *In re AT&T Mobility Wireless Data Servs. Sales Litig.*, 270 F.R.D. 310, 341 (N.D. Ill. 2010). A common nucleus exists where "the defendants have engaged in standardized conduct towards the members of the proposed class." *In re AT&T*, 270 F.R.D. at 341. Importantly, commonality is a low hurdle, and class members need not present factual or legal situations that are "a carbon copy of those of the named plaintiffs." *Kaufman v. Am. Express Travel Related Servs. Co.*, 264 F.R.D. 438, 442 (N.D. Ill. 2009). Indeed, "the presence of some individualized issues does not overshadow the common nucleus of operative fact presented when the defendant is engaged in standardized conduct toward the class." *Chandler v. S.W. Jeep-Eagle, Inc.*, 162 F.R.D. 302, 307–08 (N.D. Ill. 1995).

Courts in this Circuit find commonality where plaintiffs' allegations arise from a "common nucleus of operative facts" and the legal claims "are identical for all class members." *Neil*, 275 F.R.D. at 261. Plaintiffs allege Defendants breached fiduciary duties they owed to the Plan under ERISA § 404 and bring the Action in a representative capacity under ERISA §§ 409 and 502(a)(2). Thus, Plaintiffs' Plan-wide claims involve legal and factual questions that inherently affect all participants and beneficiaries in the Plan. Indeed, "[b]ecause the fiduciary duties are owed to the [Plan] . . . common questions of law and fact are central to the case." *Cunningham v. Cornell Univ.*, 2019 WL 275827, at *5 (S.D.N.Y. Jan. 22, 2019).

While a single common question is sufficient to meet this standard, *see Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 359 (2011), the common questions here are numerous and include: (i) whether Defendants are fiduciaries of the Plan; (ii) whether Defendants breached their fiduciary duties by causing the Plan to maintain imprudent investment options and incur excessive recordkeeping and administrative fees; (iii) whether the Plan suffered resulting losses; (iv) the proper manner in which to calculate the Plan's losses; and (v) what equitable relief, if any, is appropriate in light of these alleged breaches. *See George.*, 251 F.R.D. at 347 (finding similar questions in an ERISA case satisfied commonality). Since these critical issues involve the acts and omissions of Defendants, they are "problem[s] that operate[] across the plan rather than at the individual level" and are "capable of classwide resolution." *Wachala v. Astellas US LLC*, 2022 WL 408108, at *5 (N.D. Ill. Feb. 10, 2022). The evidence required to answer these contentions exists at the Plan-level and, consequently, is common to all the Plan's participants. Answers do not depend on the particular circumstances of any individual participant because, in ERISA fiduciary breach actions, "liability is determined based on Defendants' not Plaintiff['s] decisions." *Moreno v. Deutsche Bank Americas Holding Corp.*, 2017 WL 3868803, at *5

(S.D.N.Y. Sept. 5, 2017).  Simply put, the central allegations in the Class Action concern Defendants' administration of the Plan, and because Defendants' duties ran to the Plan, common questions pervade the Action.

### iii.      Typicality

The typicality prerequisite requires that representative plaintiffs' claims be typical of the class.  Fed. R. Civ. P. 23(a)(3).  The inquiry "ensure[s] that the named representative's claims have the same essential characteristics as the claims of the class at large."  *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006).  This District has held that a plaintiff's claims are typical when they "arise from the same event, practice or course of conduct that gives rise to the claim of the other class members, and if the claims are based on the same legal theory."  *Parker v. Risk Mgmt. Alternatives, Inc.*, 206 F.R.D. 211, 213 (N.D. Ill. 2002).  Here, typicality is satisfied for many of the same reasons as commonality.  *See In re AT&T*, 270 F.R.D. at 342 ("Typicality is closely related to commonality.").

Plaintiffs bring this Class Action on behalf of the Plan, and any recovery will go to the Plan.  *See George*, 251 F.R.D. at 348–49 ("Typicality is measured by reference to defendants' actions toward the Plan as a whole").  Courts routinely find fiduciary breach claims to be typical of all participants in a plan.  *See Loomis v. Exelon Corp.*, 2007 WL 2060799, at *4 (N.D. Ill. June 26, 2007) (finding that the "relief sought by the named Plaintiffs would affect the Plan as a whole; and because any monetary recovery in this action would go to the Plan, the interests of the named Plaintiffs are aligned with those of the non-named class members.").  As Plaintiffs allege fiduciary breaches arising out of Defendants' management and administration of the Plan, Plaintiffs' claims on behalf of the Plan are clearly typical of all Class Members' claims.

### iv.      Adequacy

Representative plaintiffs must also show that they will "fairly and adequately protect the

8

interests of this class." Fed. R. Civ. P. 23(a)(4). This inquiry has two components: "(1) the adequacy of the named plaintiffs as representatives of the proposed class's myriad members, with their differing and separate interests, and (2) the adequacy of the proposed class counsel." *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011), as modified (Sept. 22, 2011). This District has elaborated on these requirements, noting that the first ensures named plaintiffs do "not possess interests which are antagonistic to the interests of the class," and the second ensures class counsel are "qualified, experienced and generally able to conduct the proposed litigation." *In re Tiktok*, 565 F. Supp. 3d at 1085 (internal quotations omitted).

Plaintiffs' interests are tightly aligned with all other members of the Settlement Class by virtue of the very nature of Plaintiffs' representative claims on behalf of the Plan. Plaintiffs seek to enforce the duties Defendants owed to the Plan and to recover damages and equitable relief. *See Mass Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9 (1985). Since Plaintiffs are pursuing claims on behalf of the Plan, there are no conflicts between Plaintiffs' individual interests and the interests of the Class. *See George*, 251 F.R.D. at 351 (finding the adequacy requirement satisfied when the plaintiffs alleged defendants breached their fiduciary duties to a plan). Indeed, Plaintiffs and Class Members all share the same objectives, factual and legal positions, and interest in establishing Defendants' liability. *See In re AT&T*, 270 F.R.D. at 344 (finding adequacy when plaintiffs' claims "are typical of those brought by other class members, and their interests appear to be entirely consistent with those of the other class members.").

A class representative needs only an understanding of the facts underlying the basic claims and an ability and willingness to participate in discovery. *George*, 251 F.R.D. at 350–51; *see also Wahl v. Midland Credit Mgmt., Inc.*, 243 F.R.D. 291, 298 (N.D. Ill. 2007) (noting it is "not difficult" for a plaintiff to be found an adequate class representative). Plaintiffs have

demonstrated their commitment to pursuing this Class Action on behalf of the Settlement Class and have achieved a very favorable result, which does not favor any member of the Settlement Class at the expense of others. *See* Berin Decl. ¶ 3. Clearly, Plaintiffs adequately represent all members of the Settlement Class. Additionally, Plaintiffs have retained qualified and competent counsel, whose adequacy is discussed in greater detail below. *See Rogers v. Baxter Int'l Inc.*, 2006 WL 794734, at *5 (N.D. Ill. Mar. 22, 2006) (finding class counsel with "substantial experience involving ERISA class actions" to be adequate).

### B. The Settlement Class Satisfies Rule 23(b)(1)

In addition to Rule 23(a), Plaintiffs need only satisfy one subsection of Rule 23(b). *See Amchem*, 521 U.S. at 613–14. Courts routinely grant certification under Rule 23(b)(1) in ERISA fiduciary breach cases. *See, e.g.*, *Rush v. GreatBanc Tr. Co.*, 2021 WL 2453070, at *9 (N.D. Ill. June 16, 2021) ("ERISA actions alleging breach of fiduciary duty have been described as 'paradigmatic' Rule 23(b)(1) class action cases."). This is because "in an ERISA action in which relief is being sought on behalf of the plan as a whole (as it is here), a plaintiff's victory would necessarily settle the issue for all other prospective plaintiffs." *Neil*, 275 F.R.D. at 267. Individual adjudication risks contradictory outcomes, and "defendant-fiduciaries are entitled to consistent rulings regarding operation of the plan." *Id.* This reasoning finds root in trust law, as a suit alleging a breach of trust by a fiduciary affecting a large class of beneficiaries requiring an accounting or similar procedure to restore the subject of the trust is a classic example of a Rule 23(b)(1)(B) action. Fed. R. Civ. P. 23 advisory committee's note to 1966 amendment. Plaintiffs' claims on behalf of the Plan fall squarely within the Advisory Committee's example, and thus satisfy Rule 23(b)(1).

### C. Miller Shah and Capozzi Adler Should be Appointed as Class Counsel

In appointing Class Counsel, this Court should consider the Rule 23(g)(1)(A) factors:

(i) the work counsel has done in identifying or investigating potential claims in this action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). Proposed Class Counsel, Miller Shah LLP ("Miller Shah") and Capozzi Adler, P.C. ("Capozzi Adler"), are exceedingly qualified under these factors. *See* Berin Decl. ¶¶ 5, 7. Class Counsel have leveraged their experience and resources to vigorously pursue recovery on behalf of the Plan and protect the interests of all Class Members, including by comprehensively investigating the claims forming the basis of the Action, filing detailed pleadings, briefing the motion to dismiss, and reviewing initial discovery. *Id.* ¶¶ 5, 7, 9. Class Counsel also have extensive experience litigating and overseeing the administration of settlements in ERISA fiduciary breach actions. *See id.* ¶ 5; *Neil*, 275 F.R.D. at 270 (appointing class counsel experienced with ERISA class actions); *Rush*, 2021 WL 2453070, at *5 (appointing class counsel with "the experience and resources to represent the class effectively."). Class Counsel will continue to leverage their wealth of relevant experience and resources on behalf of the Settlement Class through final resolution. Accordingly, the Court should appoint Miller Shah and Capozzi Adler as Class Counsel.

## II. THE SETTLEMENT, NOTICE PLAN, AND PLAN OF ALLOCATION WARRANT PRELIMINARY APPROVAL

The first step in approving any proposed class action settlement is preliminary approval. *See In re AT&T*, 270 F.R.D. at 346. At this stage, the Court reviews the proposed settlement to determine whether it is within the "range of possible approval," *Armstrong*, 616 F.2d at 314, and whether, taken as a whole, it is "fair, adequate, and reasonable, and not a product of collusion." *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 279 (7th Cir. 2002). The analysis begins with the premise that "[f]ederal courts naturally favor the settlement of class action litigation." *Isby v.*

11

*Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996); *see also Lucas v. Vee Pak, Inc.*, 2017 WL 6733688, at

*8 (N.D. Ill. Dec. 20, 2017) (noting the "overriding public interest in favor of settlement,"

particularly in the class action context).

### A. The Settlement Should be Preliminarily Approved

The Seventh Circuit has enumerated various factors for courts to consider when

determining whether to preliminarily approve a settlement: "(1) the strength of plaintiffs' case

compared to the terms of the proposed settlement; (2) the likely complexity, length and expense

of continued litigation; (3) the amount of opposition to settlement among affected parties; (4) the

opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery

completed." *In re AT&T*, 270 F.R.D. at 346.

The most important of these factors is the first, "the strength of plaintiff's case on the

merits balanced against the amount offered in the settlement." *In re General Motors Corp.*

*Engine Interchange Litig.*, 594 F.2d 1106, 1132 (7th Cir. 1979). When evaluating this factor,

courts are mindful that "the essence of a settlement is compromise." *Armstrong*, 616 F.2d at

315. Plaintiffs and Class Counsel have achieved a favorable Settlement and have relieved the

Class of the burdens and risks of further litigation. *See Donovan v. Estate of Fitzsimmons*, 778

F.2d 298, 209 (7th Cir. 1985) ("[A]n integral part of the strength of a case on the merits is a

consideration of the various risks and costs that accompany continuation of the litigation."); *In re*

*AT&T*, 270 F.R.D. at 347 ("Even if Plaintiffs were to succeed on the merits at some future date, a

future victory is not as valuable as a present victory."). The Settlement provides substantial

monetary relief, as well as meaningful non-monetary relief related to the ongoing management

and administration of the Plan. Accordingly, the first factor favors preliminary approval.

The second factor inquires into the "likely complexity, length, and expense of litigation."

*In re AT&T*, 270 F.R.D. at 346. The Parties were engaged in vigorous litigation when they

agreed to the Settlement and further litigation promised to be lengthy and complex, involving numerous competing experts on liability issues concerning Plaintiffs' claims and Defendants' defenses, as well as the Plan's alleged losses. The Parties likely would have filed dispositive motions and pretrial motions, including motions concerning the anticipated expert testimony. Thus, Plaintiffs faced meaningful challenges to their ability to obtain a recovery on behalf of the Plan, which strongly supports preliminary approval of the Settlement. *See In re Nat'l Collegiate Athletic Ass'n Student-Athlete Concussion Inj. Litig.*, 332 F.R.D. 202, 219 (N.D. Ill. 2019), *aff'd sub nom. Walker v. Nat'l Collegiate Athletic Ass'n*, 2019 WL 8058082 (7th Cir. Oct. 25, 2019) ("By agreeing to the settlement, the settlement class eliminates the risks and expenses associated with years of contentious litigation.").

The third factor in the preliminary approval inquiry is opposition to the settlement, but as "the parties have not yet sent the notice, it is premature to fully assess this factor." *In re AT&T*, 270 F.R.D. at 349; *Lucas*, 2017 WL 6733688, at *12.

For the fourth factor, the opinion of competent counsel, this Court considers Class Counsel's background and whether the settlement is "the result of arms-length negotiation." *Lucas*, 2017 WL 6733688, at *12. The Settlement is the product of an extensive arm's-length process involving an experienced neutral mediator. Further, Class Counsel and Defendants' counsel are experienced in complex ERISA litigation, thoroughly understand the factual and legal issues involved in the Class Action, and believe the Settlement is fair and reasonable. *See In re AT&T*, 270 F.R.D. at 350 ("Courts are entitled to rely heavily on the opinion of competent counsel.") (internal quotations omitted). Therefore, the fourth factor weighs strongly in favor of Settlement approval. *See In re TikTok*, 565 F. Supp. 3d at 1091 (according weight to plaintiffs' counsel's opinion that the "proposed settlement is fair, reasonable, and adequate").

Finally, courts in this Circuit consider "[t]he state of the proceedings at which settlement is reached" as a measure of "how fully the district court and counsel are able to evaluate the merits of plaintiffs' claims." *Armstrong*, 616 F.2d at 325. Class Counsel conducted substantial investigation and analysis of Plaintiffs' claims and reviewed documents pertaining to the Plan's administration. *See* Berin Decl. ¶¶ 6–7. Although this proposed Settlement Agreement comes at an early stage of the litigation, Class Counsel has extensively developed Plaintiffs' claims on behalf of the Plan and Settlement Class. *See In re AT&T*, 270 F.R.D. at 350 (explaining that "lack of discovery prior to settlement [] does not preclude a court from approving a settlement.").

In sum, the Settlement is the product of vigorous litigation and arm's-length negotiation by experienced and well-informed counsel, and it provides significant relief to the Settlement Class. Accordingly, the Court should find the Settlement is fair, reasonable, and adequate, and merits preliminary approval.

### B.     The Notice Plan Should be Preliminarily Approved

In addition to the proposed Settlement, the Court should approve the proposed means of notifying Settlement Class members. Fed. R. Civ. P. 23(c)(2). Due process and Rule 23(e) do not require that each Class Member receive notice, but rather that class notice be "reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 314 (1950). "Individual notice must be provided to those class members who are identifiable through reasonable effort." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175 (1974).

The Notice Plan is designed to reach as many Settlement Class members possible. The Settlement Notice will be sent by e-mail and/or first-class mail to the last known address of each Settlement Class member prior to the Fairness Hearing. Notably, all Class Members had Plan

accounts, so the Plan's recordkeeper has their addresses and other identifying information. *See In re TikTok*, 565 F. Supp. 3d at 1092 (noting that the Federal Judicial Center has deemed a notice plan "calculated to reach between 70% and 95% of the class in total" to be reasonable). Additionally, the Notice, Settlement Agreement, and other litigation documents will be posted on a website, and the Settlement Administrator will establish and monitor a toll-free number for Class Member inquiries. The Notice will also provide Class Counsels' contact information. Finally, the Notice Plan clearly describes: (i) the terms and operation of the Settlement; (ii) the nature and extent of the Released Claims; (iii) the attorneys' fees, litigation expenses, and case contribution award that may be sought; (iv) the procedure and timing for objections; and (v) subject to the Court's schedule, the date and location of the Fairness Hearing. *See In re AT&T*, 270 F.R.D. at 352–53 (approving a notice with similar headings).

### C.      The Plan of Allocation Should be Preliminarily Approved

The Plan of Allocation provides recovery to members of the Settlement Class on a *pro rata* basis, with no preferential treatment for Plaintiffs or any segment of the Settlement Class. This is substantially similar to plans approved by courts in analogous ERISA litigation. *See, e.g.*, *Terraza v. Safeway Inc.*, No. 16-cv-03994-JST, Dkt. 268 (N.D. Cal. Sept. 8, 2020) ("Settlement Scores will be determined by calculating the Class Member's year-end account balance during the Class Period and dividing that amount by the total sum of year-end asset amounts in the Plan during the Class Period"). In light of its equitable treatment of the Settlement Class, the Court should find that the Plan of Allocation is fair, reasonable, and adequate.

### <u>CONCLUSION</u>

Plaintiff respectfully submits that this Court should preliminarily approve the Settlement, Notice Plan, and Plan of Allocation, preliminarily certify the Settlement Class, and set a date for a final fairness hearing.

DATED: July 29, 2022

Respectfully submitted,

*/s/* Alec J. Berin
James C. Shah
Alec J. Berin
MILLER SHAH LLP
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jcshah@millershah.com
          ajberin@millershah.com

James E. Miller
Laurie Rubinow
MILLER SHAH LLP
65 Main Street
Chester, CT 06412
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jemiller@millershah.com
          lrubinow@millershah.com

Kolin C. Tang
MILLER SHAH LLP
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: kctang@millershah.com

Anna K. D'Agostino
MILLER SHAH LLP
225 Broadway, Suite 1830
New York, NY 10007
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: akdagostino@millershah.com

Mark K. Gyandoh
Gabrielle Kelerchian
CAPOZZI ADLER, P.C.
312 Old Lancaster Road
Merion Station, PA 19066
Tel: (610) 890-0200

16

Fax: (717) 233-4103
Email: markg@capozziadler.com
gabriellek@capozziadler.com

Donald R. Reavey
CAPOZZI ADLER, P.C.
2933 North Front Street
Harrisburg, PA 17110
Tel: (717) 233-4101
Fax: (717) 233-4103
Email: donr@capozziadler.com

P. Andrew Fleming
Andrew P. Shelby
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, IL 60606
Tele: (312) 516-5610
Fax: (312) 419-9628
Email: andrewf@novackmacey.com
ashelby@novackmacey.com


*Attorneys for Plaintiff, the Plan and the
Proposed Settlement Class*

## <u>CERTIFICATE OF COMPLIANCE WITH WORD COUNT</u>

I certify that this Memorandum complies with the page and type requirements under

Local Rule 7.1 because it is less than 15 pages double- spaced.


<u>*/s/* Alec J. Berin      </u>
Alec J. Berin

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 29, 2022, I electronically filed the foregoing Plaintiffs'

Memorandum in Support of Unopposed Motion for Preliminary Approval of Class Action

Settlement with the Clerk of Court, and upon the counsel of record using the CM/ECF system.


*/s/* Alec J. Berin
Alec J. Berin