**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN BARCENAS, *et al.*, Individually and as representatives of a class of similarly situated persons, <br><br> Plaintiffs, <br> v. <br><br> RUSH UNIVERSITY MEDICAL CENTER, *et al.*, <br><br> Defendants. | Case No. 1:22-CV-00366 <br><br> Judge Gary S. Feinerman <br><br><br><br><br><br> July 29, 2022 |

**DECLARATION OF ALEC J. BERIN IN SUPPORT
OFUNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT**

I, Alec J. Berin, hereby declare under penalty of perjury under the laws of the United States as follows:

1. I am an Associate in the law firm Miller Shah LLP ("Miller Shah," and with Capozzi Adler, P.C., "Class Counsel"). I am admitted to practice law in the State of New Jersey and the Commonwealth of Pennsylvania, and I am one of the attorneys who has worked on the above-captioned action (the "Action") since the pleadings stage. I have personal knowledge of the facts set forth herein.

2. Attached as Exhibit "1" is a true and correct copy of the Settlement Agreement[1] dated July 29, 2022, including all exhibits to the Settlement Agreement:

> **Exhibit A** – Notice of Class Action Settlement and Fairness Hearing

---

[1] Terms not defined herein shall have the same meaning as in the Settlement Agreemtent.

1

      **Exhibit A-1** – Former Participant Claim Form

      **Exhibit B** – Plan of Allocation

      **Exhibit C** – [Proposed] Preliminary Approval Order

      **Exhibit D** – [Proposed] Final Approval Order

      **Exhibit E** – Form of CAFA Notice

3. Plaintiffs, John Barcenas, Mary Brown, Patrick Russo, and Teneka Ware (collectively, "Plaintiffs"), have actively participated in the Action from the outset and assisted Class Counsel in drafting the pleadings and other papers in the Action, consulted with Class Counsel as needed, worked with Class Counsel to prepare for discovery, participated in strategy and settlement discussions with Class Counsel, and otherwise assisted in representing the interests of the Plan and its participants and beneficiaries. Plaintiffs also participated in regular conference calls with Class Counsel to ensure they remained fully apprised of all developments in the Action. Plaintiffs fully understand the nature of their claims, as well as their duties and responsibilities as class representatives and to the Plan, and they have no interest antagonistic to the Plan or members of the Settlement Class.

4. Based upon review of the Form 5500s filed by Defendants with respect to the Plan, there were 15,503 participants in the Plan as of December 31, 2020. Plaintiffs are Former Participants in the Plan.

5. Miller Shah's attorneys are experienced in class action litigation, including in ERISA class actions, and have recovered more than $1 billion on behalf of their clients in class actions nationwide.[2] In ERISA class and representative actions, James E. Miller,

---

[2] *See* https://millershah.com/practice-areas/employee-benefits-fiduciary-compliance/401-k-fee-litigation-gatekeeper-cases/.

2

Laurie Rubinow, and I lead the Firm's practice and, over the past decade, we have served as lead counsel in some of the most significant ERISA cases prosecuted throughout the United States on behalf of retirement plans and their participants, including: *Healthcare Strategies, Inc. v. ING Life Ins. & Annuity Co.*, No. 3:11-CV-282 (D. Conn.) (class action on behalf of retirement plans tried before the Honorable William G. Young and resulting in a settlement valued at over $400 million for a class of retirement plans); *Phones Plus, Inc. v. Hartford Fin. Servs., Inc.*, No. 3:06-cv-01835 (D. Conn.) (class action settlement with value of over $80 million on behalf of class of retirement plans); *Golden Star, Inc. v. Mass Mutual Life Ins. Co.*, No. 3:11-cv-30235 (D. Mass.) ($9.475 million class action settlement on behalf of class of retirement plans); *Butler National v. Union Central Life Ins. Co.*, No. 1:12-cv-177 (S.D. Ohio) ($2.25 million common fund established for class of retirement plans and other relief to class valued at over $15 million); *Terraza v. Safeway, Inc.*, No. 4:16-cv-03994 (N.D. Cal.) (settlement of $8.5 million for class of plan participants); *Jones v. Coca-Cola Consolidated, Inc.*, No. 3:20-cv-00988 (W.D.N.C.) ($3.5 million class action settlement pending final approval); *Blackmon v. Zachry Holdings, Inc.*, No. 5:20-cv- 00988 (W.D. Tex.) ($1.875 million class action settlement pending final approval); *Hay v. Gucci*, *Inc.*, No. 2:17-cv-07148 (D.N.J.) ($1.2 million settlement for class of plan participants in small defined contribution retirement plan). In addition, in 2020, Mr. Miller was named whistleblower lawyer of the year by Taxpayers Against Fraud ("TAF"), a well-respected nonprofit association, for his work on behalf of the United States and certain states in recovering $678 million in *U.S. ex rel. Bilotta v. Novartis Pharmaceuticals Corp.*, No. 11 Civ. 0071 (PGG), and $54 million in *U.S. ex rel. Arnstein et al. v. Teva Pharmaceuticals et al.*, No. 13 Civ. 3702 (CM), both of which settled on the eve of trial in the Southern District of New York before Judge Gardephe

3

and Chief Judge McMahon, respectively, and demonstrate Class Counsel's ability to handle exceptionally complex litigation. Thus, the attorneys at Miller Shah have the experience, resources, expertise, and aptitude necessary to properly represent the interests of the Plan and the Settlement Class in this case. Since the inception of this action, Miller Shah has acted cooperatively with Capozzi Adler, P.C., a firm with deep experience litigating ERISA class actions similar to the Action, and with Novack and Macey LLP, a firm experienced with litigation in this District.

6. During the course of this litigation, the parties engaged in meaningful pre-discovery exchanges of information, producing and reviewing relevant documents and communications relating to the administration of the Plan, relationships between and among fiduciaries, and the Plan's investment and recordkeeping monitoring processes. Prior to reaching the Settlement, the parties also communicated their respective positions concerning Plaintiffs' likelihood of success on their claims and potential recovery on behalf of the Plan, conducted independent analyses to support their claims and defenses and evaluate potential resolutions, and participated in a mediation with Mark E. Segall, Esquire of JAMS, a well-respected and experienced neutral mediator. There has been no collusion or complicity of any kind in connection with the Settlement reached in this case or any related negotiations.

7. As noted above, Class Counsel have significant experience in similar litigation and are well-informed as to the specifics of this Class Action. Class Counsel's thorough investigation, coupled with the document disclosure and review conducted in the Action, has afforded Miller Shah a significant understanding of the merits of the claims asserted, the strength of Defendants' defenses, and the values of theoretical outcomes of the case.

8. Based upon the claims remaining in the case, Plaintiffs' expert has calculated

the Plan's losses as ranging from approximately $9.95 million to $17.66 million (brought to present value by applying a reasonable interest rate). While figures in this range are defensible, the likelihood of establishing the higher figure faces more challenges than the lower figure. Accordingly, the Settlement provides monetary relief ranging from approximately 16.7% to 29.6% of possible recoverable losses, even before considering the value of the non-monetary relief.

9. Class Counsel have fully investigated and developed this Class Action, reviewed documents, worked with experts, and engaged in motion practice, and will continue to properly and vigorously represent the interests of the Plan and the Settlement Class.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of July, 2022, at Philadelphia, Pennsylvania.

*/s/ Alec Berin*
Alec Berin